**Barbara A. JACKSON, Plaintiff,**

v.

**HARVARD UNIVERSITY and John H. McArthur, Defendants.**

Civ. A. No. 84–4101–G.

United States District Court,
D. Massachusetts.

Aug. 12, 1986.

ant provided the insurance company with the Notice.

Evan T. Lawson, Lawson & Wayne, Boston, Mass., for plaintiff.

Martin Michaelson, Ann H. Taylor, Office of The General Counsel, Cambridge, Mass., for defendants.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

GARRITY, District Judge.

This case comes before the court on plaintiff's motion for reconsideration of the magistrate's order on pending discovery motions, pursuant to 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72(a), and Rules for United States Magistrates in the United States District Court for the District of Massachusetts 2(b). Fed.R.Civ.P. 72(a) provides that a district court may modify or set aside any portion of the magistrate's order found to be clearly erroneous or contrary to law. After reviewing

the briefs submitted by the parties, the court affirms the order of the magistrate except for the modifications hereinafter stated.

## A. Plaintiff's Motion to Compel Production of Documents (# 40):

■ The magistrate's order denying disclosure of the identities of named faculty and peer reviewers who furnished confidential evaluations to Harvard Business School for use in plaintiff's tenure review is affirmed.[1] The magistrate concluded that plaintiff had failed to make a showing of particularized need sufficient to overcome defendant's qualified academic privilege against disclosure. *See Equal Employment Opportunity Commission v. University of Notre Dame du Lac*, 7 Cir.1983, 715 F.2d 331. Plaintiff has not demonstrated to the court that this finding is "clearly erroneous in fact or contrary to law." Magistrates Rules 2(b).

■ The magistrate denied plaintiff discovery of subjective, evaluative material produced and prepared by Harvard Business School in connection with the preparation of mandatory affirmative action compliance reports, concluding that plaintiff was entitled to only objective, statistical affirmative action data, not subjective materials. *See O'Connor v. Chrysler Corp.*, D.Mass.1980, 86 F.R.D. 211. The court affirms that portion of the order with one proviso: to the extent that the subjective materials contain additional facts not found in the objective data, plaintiff is entitled to disclosure of such facts. *Id.* at 217.

■ The magistrate's denial of discovery of information concerning nonfaculty employees and students at Harvard Business School is affirmed. The selection of students is not an employment practice and is based on considerations wholly different from those used in making employment decisions. Furthermore, the promotion or non-promotion of nonfaculty Harvard Business School employees is simply not relevant to the issue of whether sex discrimina-

tion was the basis for the rejection of plaintiff's tenure application. Nonfaculty employment decisions do not involve the same kind of considerations upon which tenure selections are made. *Prem Kumar v. Board of Trustees, University of Massachusetts*, 1 Cir.1985, 774 F.2d 1, 10.

■ The court also adopts that portion of the order denying discovery of any information relating to other schools associated with Harvard University. Plaintiff has offered no evidence to refute defendants' assertion that other schools associated with the university are autonomous in matters concerning faculty employment, promotion and tenure. While statistics evidencing a general atmosphere of discrimination are generally relevant to show that the same employer discriminated against an individual plaintiff, statistics concerning different employers clearly are not. *Lamphere v. Brown University*, 1 Cir.1982, 685 F.2d 743, 749–50. Plaintiff has not demonstrated that the magistrate's findings on this issue were either clearly erroneous or contrary to law. Contrary to plaintiff's assertion, the magistrate's order does not prevent plaintiff from attempting to prove an institutional bias against women at Harvard Business School. Rather, the order merely recognizes the irrelevance to that issue of any similar bias at independent institutions.

■ Regarding that portion of the order which restricts the discovery sought in Interrogatory Nos. 5–7, 9–15, 17–19, and 27 to the time period from June 1, 1981 through June 1984, the magistrate found that information concerning matters occurring between fifteen and thirty-nine years prior to the actions of which plaintiff complains are not relevant or that any marginal relevance is far outweighed by the burden that production of such matters would impose on defendants. He ruled that the appropriate time frame was the period commencing with the June 1981 seating of the Subcommittee on Appointments who conducted plaintiff's 1981 tenure review, and

---

1. Defendants have already produced a complete copy of plaintiff's tenure review file which includes all materials on which the decision to

deny tenure was based. The only information defendants withheld was the identities of faculty and peer reviewers.

ending with the termination of plaintiff's employment relationship with Harvard Business School in June 1984.

In the court's view, this three-year time period is unduly restrictive and contrary to the law governing the scope of permissible discovery. Fed.R.Civ.P. 26(b)(1). Plaintiff seeks information concerning the qualifications of past candidates for tenure, the actions taken by defendants with respect to such candidates, and the reasons therefor. The information relating to the objective criteria for tenure may provide evidence that plaintiff was qualified for the position sought and that others with similar qualifications achieved the position. *McDonnell Douglas Corp. v. Green,* 1973, 411 U.S. 792, 805, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668. Similarly, more general statistical information, while perhaps not directly probative of any of the elements necessary to establish a *prima facie* case, may lead to evidence of a pattern of academic sex discrimination by the defendant business school. Proof of a general pattern of sex discrimination tends to establish that it is more likely than not that an educator's decision to deny tenure was based on sex. Furthermore, courts have recognized that in the academic context, where tenure decisions are highly subjective, direct evidence of discrimination in a decision-making process that necessarily involves academic judgments is difficult to obtain. *See, e.g., Lynn v. Regents of the University of California,* 9 Cir.1981, 656 F.2d 1337, 1342. Plaintiff should be permitted to show that defendants' past practices manifest a pattern of sex discrimination in the tenure process. Accordingly, a time frame which merely brackets the contested employment action would foreclose plaintiff from elucidating past practices or identifying a pattern which might suggest that defendants' reasons for denying plaintiff tenure are pretextual. Relevancy for discovery purposes is much broader than for admissibility purposes at trial. If the information sought appears reasonably calculated to

lead to the discovery of admissible evidence, it is within the limits set forth in Fed.R.Civ.P. 26(b)(1). Therefore, the court expands the time frame ordered by the magistrate from three years to ten, commencing June, 1974 and ending June, 1984.

Plaintiff objects to that portion of the magistrate's order which denies discovery of the tenure files of other Harvard Business School tenure candidates.[2] Defendants argue that because tenure decisions are made on an individual rather than a competitive basis, the qualifications of other candidates are entirely irrelevant to the issues in this case. They further contend that the academic privilege of nondisclosure of the tenure files of nonparties can only be defeated when the university relies on their content to justify its actions in the case before the court, and state that they do not intend to defend their actions by comparing plaintiff's qualifications to those of other candidates who were granted or denied tenure. Rather, defendants intend to show that the tenure decision was based on a gender-neutral assessment of the quality of plaintiff's scholarship and substantive contribution to her field. In other words, defendants' position is that plaintiff failed to meet Harvard's criteria for tenure. However, such a defense neither shields disclosure of the tenure files requested by plaintiff[3] nor renders them irrelevant to the issues in this case. The qualifications of men who were granted tenure may be relevant to show that notwithstanding Harvard's assertions, plaintiff met the objective tenure requirements such as years of teaching experience or publication of scholarly materials. Similarly, a comparison of qualifications may raise a doubt as to whether the reasons offered by defendants for denying plaintiff tenure are the real ones. Alternatively, information contained in these files may be relevant to show that the alleged criteria for tenure were applied to plaintiff in a discriminatory manner. In short, while defendants may choose to rely on alleged

2. While the court is unable to locate in the order any discussion by the magistrate of that issue, it assumes on the basis of the parties' briefs that such discovery was denied.

3. Plaintiff's brief states that she seeks only the tenure files of men who were granted tenure at Harvard Business School.

gender-neutral criteria, rather than the qualifications of other candidates, we think plaintiff is entitled to an opportunity to show that others with similar qualifications achieved the rank or position or that women at Harvard Business School are evaluated by a stricter standard than their male colleagues, or that the evaluations of plaintiff when compared with those of men who were granted tenure, reveal a covert bias against women faculty. *McDonnell Douglas,* 411 U.S. at 802–05, 93 S.Ct. at 1824–25; *Sweeney v. Bd. of Trustees of Keene State College,* 1 Cir.1979, 604 F.2d 106, 112–13. Accordingly, the court modifies the magistrate's order to permit discovery of the tenure files of men who were granted tenure between 1974 and 1984. In recognition of the interest of the university in maintaining the confidentiality of its tenure files and the identity of persons involved in the tenure process, the court orders that defendants produce copies of such files with the names redacted. *In re Dinnan,* 5 Cir. 1981, 661 F.2d 426; *Gray v. Board of Higher Education,* 2 Cir.1982, 692 F.2d 901.

█ The court affirms that portion of the order denying discovery of "complaints" of students and non-faculty employees at Harvard Business School. As stated above, tenure decisions involve matters clearly distinct from non-faculty employment decisions. Similarly, "complaints" of students are not relevant to the issue of whether sex discrimination was the basis for the rejection of this plaintiff's tenure application. However, to the extent that the order restricts discovery to "complaints" relating to the tenure process by applicants for tenure, it is modified to include discovery of "complaints" of any Harvard Business School faculty members, whether in the context of the tenure process or not. Evidence of a discriminatory attitude toward women faculty in general is relevant to the issues of motive or intent and whether the reasons given for plaintiff's non-promotion were implicitly influenced by her gender. *Sweeney,* 604 F.2d at 113.

The court affirms that portion of the order which states that defendants need not respond to Interrogatories Nos. 14 and 15. Plaintiff has not demonstrated that the magistrate's conclusion that the interrogatories were overly broad was clearly erroneous. On the contrary, the questions are so vague and open-ended as to defy response.

B. Plaintiff's Motion to Compel Answers to Deposition Questions (# 39):

For the reasons stated previously, the court also affirms the magistrate's denial of plaintiff's motion to compel defendant to answer deposition questions concerning student admission policies and non-faculty employees at Harvard Business School.